UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 3:17-CR-343-1 |
| v. : | |
| : | (Mannion, J.) |
| ROBERTO TORNER, : | |
| Defendant : | |

# INFORMATION OF PRIOR CONVICTION
# OF A FELONY DRUG OFFENSE

Pursuant to Title 21, United States Code, Section 851, Bruce D. Brandler, the United States Attorney for the Middle District of Pennsylvania, through Phillip J. Caraballo, Assistant United States Attorney, hereby files this Information to establish a prior conviction, which raises the penalties for Count One and Count Two of the Indictment.  The United States intends to rely upon the following in support of the imposition at sentencing of increased punishment.

1.  The defendant has a prior conviction for a felony drug offense: a 2003 conviction for possessing with intent to distribute a controlled substance (crack cocaine) within 1,000 feet of school property, pursuant to the New Jersey Code of Criminal Justice Section 2C:35-7.  As the attached certified conviction shows, on October 29, 2003, the New

1

Jersey Superior Court, Hudson County, sentenced the defendant to a term of three years of incarceration on this charge. *See* Attachment A.

    2.   Count One of the Indictment charges the defendant with conspiring to distribute heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846. Accordingly, the filing of this Information of Prior Conviction enhances the penalties for Count One of the Indictment to a maximum term of imprisonment of 30 years, a minimum term of supervised release of six years and a maximum term of supervised release of life, in addition to such term of imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18 or $2,000,000, and a $100 special assessment.

    3.   Count Two of the Indictment charges the defendant with distributing heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). Accordingly, the filing of this Information of Prior Conviction enhances the penalties for Count Two of the Indictment to a maximum term of imprisonment of 30 years, a minimum term of supervised release of six

years and a maximum term of supervised release of life, in addition to such term of imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18 or $2,000,000, and a $100 special assessment.

Dated: November 17, 2017

Respectfully submitted,
BRUCE D. BRANDLER
United States Attorney

/s/ Phil Caraballo
Phillip J. Caraballo
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : No. 3:17-CR-343-1 |
| v. | : |
| | : (Mannion, J.) |
| ROBERTO TORNER, | : |
| Defendant | : |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers, and that on November 17, 2017 she served a copy of the attached:

## INFORMATION OF PRIOR CONVICTION
## OF A FELONY DRUG OFFENSE

by electronic filing upon: Joseph McGraw, Esq., counsel for defendant Roberto Torner.

/s/Luann Manning
LUANN MANNING
Supervisory Legal Assistant

P/G 03-2998 AMENDED JOC

| State of New Jersey | New Jersey Superior Court Law Division – Criminal Hudson County |
|---|---|
| v. | |

| Defendant: (Specify Complete Name) | ROBERT TORNER | | | ☒ JUDGMENT OF CONVICTION |
|---|---|---|---|---|
| DATE OF BIRTH | 1/20/73 | SBI NUMBER | 755286B | ☐ CHANGE OF JUDGMENT |
| | | | | ☒ ORDER FOR COMMITMENT |
| DATE OF ARREST | 9/24/03 & 1/17/04 | DATE INDICTMENT/ ACCUSATION FILED | 10/29/03 | ☐ INDICTMENT / ACCUSATION DISMISSED |
| DATE OF ORIGINAL PLEA | 10/29/03 | ORIGINAL PLEA ☐ Not Guilty  ☒ Guilty | | ☐ JUDGMENT OF ACQUITTAL |

**ADJUDICATION BY**

| ☒ GUILTY PLEA | DATE: 10/29/03 | ☐ NON-JURY TRIAL | DATE: |
|---|---|---|---|
| ☐ JURY TRIAL | DATE: | ☐ DISMISSED / ACQUITTED | DATE: |

**ORIGINAL CHARGES**

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| ACC-1232-03 | 1 | POSS CDS W/I 1000' SCHOOL | | 2C:35-7 |

**FINAL CHARGES**

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 1 | POSS CDS W/I 1000' SCHOOL | 3rd | 2C:35-7 |

It is, therefore, on 1/21/05 ORDERED and ADJUDGED that the defendant is sentenced as follows:
NJDC – 3 YRS; PAROLE INELIGIBILITY – 1 YR; C/C TO ACC #116-04; DISMISS UNDERLYING COMP. #W2003-2234-910, W2003-2235-0910,, W2003-2236-0910 AND W2003-2237-0910; RIGHT TO APPEAL WITHIN 45 DAYS.

☐ The defendant is hereby sentenced to community supervision for life.
☐ The defendant is hereby ordered to serve a _____ year term of parole supervision which term shall begin as soon as defendant completes the sentence of incarceration.
☐ The court finds that the defendant's conduct was characterized by a pattern of repetitive and compulsive behavior.
☐ The court finds that the defendant is amenable to sex offender treatment.
☐ The court finds that the defendant is willing to participate in sex offender treatment.
☒ The defendant is hereby ordered to provide a DNA sample and ordered to pay the costs for testing of the sample provided.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| ☒ Defendant is to receive credit for time spent in custody (R. 3:21-8). | TOTAL NUMBER OF DAYS 3 DAYS | DATE: (From/To) 9/24/03-9/25/03; 1/17/04-1/17/04 |
|---|---|---|
| | | DATE: (From/To) |
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE: (From/To) |
| | | DATE: (From/To) |

| Total Custodial Term | 3 YRS. | Institution | NJDC | Total Probation Term | |
|---|---|---|---|---|---|

| Total Fine $ | If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C, |
|---|---|
| Total RESTITUTION $ | 1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.) |
| If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.) | ___ 1st Degree @ $3000    ___ 4th Degree @ $750<br>___ 2nd Degree @ $2000   ___ Disorderly Persons or Petty<br>X 3rd Degree @ $1000      Disorderly Persons @ $500<br><br>Total D.E.D.R. Penalty $1000 |
| ☒ Assessment imposed on<br>count(s) 1<br>is $50 each. | ☐ Court further Orders that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.<br>2) A forensic laboratory fee of $50 per offense is ORDERED. ___ Offenses @ $50.<br>Total Lab Fee $50 |
| Total VCCB Assessment $50 | 3) Name of Drugs Involved CRACK COCAINE<br>4) A mandatory driver's license suspension of 18 months is ORDERED. |
| Installment payments are due at the rate of<br>$ ___ per<br>beginning ___<br>(Date) | The suspension shall begin today, 1/21/05 and end 7/21/06.<br>Driver's License Number ___<br>(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)<br>Defendant's Address 3801 PARK AVE., #2, UC, NJ 07087<br>Eye Color BR    Sex M    Date of Birth 1/20/73<br>☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction ___. Driver's License Number ___<br>☐ Defendant's non-resident driving privileges are hereby revoked for ___ months. |

If the offense occurred on or after February 1, 1993 but was before March 13, 1995 and the sentence is to probation or to a state correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169). If the offense occurred on or after March 13, 1995 and the sentence is to probation, or the sentence otherwise requires payments of financial obligations to the probation division, a transaction fee of up to $2.00 is ordered for each occasion when a payment is made. (P.L. 1995, c. 9).

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c.220) $$75.00

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month $___.

If the crime occurred on or after January 9, 1997, a $30 Law Enforcement Officers Training and Equipment Fund penalty is ordered. $$30.00

If the crime occurred on or after May 4, 2001, and the defendant has been convicted of aggravated sexual assault, aggravated criminal sexual contact, kidnapping under 2C:13-1c(2), endanger the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of a minor under 2C:24-4a, endangering the welfare of a child pursuant to 2C:24-4b(4), luring or enticing a child pursuant to 2C:13-6, criminal sexual contact pursuant to 2C:14-3b if the victim is a minor, kidnapping pursuant to 2C:13-1, criminal restraint pursuant to 2C:13-2 or false imprisonment pursuant to 2C:13-3 if the victim is a minor and the offender is not the parent, promoting child prostitution pursuant to 2C:34-1b(3) or (4), or an attempt to commit any of these crimes, a $800 Statewide Sexual Assault Nurse Examiner Program Penalty is ordered for each of these offenses.

| Name (Court Clerk or Person preparing this form)<br>MILLIE MILAN | Telephone Number<br>201-795-6662 | Name (Attorney for Defendant at Sentencing)<br>SIMPSON/CONDON |
|---|---|---|

STATEMENT OF REASONS – Include all applicable aggravating and mitigating factors

AGGRAVATING:(3) The risk that the defendant will commit another offense; (6) The extent of the defendant's prior criminal record and the seriousness of the offenses of which he/she has been convicted; (9) The need for deterring the defendant and others from violating the law;
MITIGATING: NONE.
AGGRAVATING OUTWEIGH MITIGATING.

| Judge (Name)<br>PETER J. VAZQUEZ, P.J.Cr | Judge (Signature) | Date |
|---|---|---|

I, Silvia L Gonzalez, Deputy Clerk Of the Superior Court of New Jersey, County of Hudson, do hereby certify that the foregoing is a true and correct copy of the original on file in my office.

Deputy Clerk of the Superior Court
Date: 9-5-17

Administrative Office of the Courts
State Bureau of Identification
CP0106s (rev. 08/20/02)
Page 2 of 2