UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           :
                                   :       No. 3:17-cr-343
            v.                     :
                                   :       (Mannion, J.)
ROBERTO TORNER,                    :
LIZA ROBLES, and                   :
DAVID ALZUGARAY-LUGONES,           :
                                   :
            Defendants             :

**FILED**
**SCRANTON**

JAN 3 0 2018

PER

DEPUTY CLERK

## FIRST SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### Conspiracy to Distribute Heroin
### 21 U.S.C. § 846

From on or about June 2, 2015, and continuing to on or about

June 8, 2015, in the Middle District of Pennsylvania, the defendants,

ROBERTO TORNER,
LIZA ROBLES, and
DAVID ALZUGARAY-LUGONES,

knowingly and intentionally combined, conspired, confederated, and

agreed together and with each other, and with other persons known and

unknown to the Grand Jury, to commit the following offense against the

1

United States:

> To knowingly and intentionally distribute and possess with the intent to distribute heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

THE GRAND JURY FURTHER CHARGES:

<u>COUNT TWO</u>
**Distribution of Heroin**
**21 U.S.C. § 841(a)(1)**

On or about June 8, 2015, in Luzerne County, within the Middle

District of Pennsylvania, the defendants,

**ROBERTO TORNER,**
**LIZA ROBLES, and**
**DAVID ALZUGARAY-LUGONES,**

aiding and abetting each other, did knowingly and intentionally

distribute and possess with the intent to distribute heroin, a Schedule I

controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and

(b)(1)(C), and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

<u>COUNT THREE</u>
**Firearms Conspiracy**
**18 U.S.C. § 371**

## I.    Introduction

The allegations set forth in Counts One and Two are incorporated

here.   At times material to the Indictment:

1.    Berwick Sporting Goods was a federally licensed firearms

dealer engaged in the commercial sale of firearms, ammunition,

firearms accessories and other articles in interstate commerce and in an

industry that affects interstate commerce.

2.    Berwick Sporting Goods had its principal place of business

at 1504 W. Front Street in Berwick , Pennsylvania, within the Middle

District of Pennsylvania.

3.    Zeller's Sporting Goods was a federally licensed firearms

dealer engaged in the commercial sale of firearms, ammunition,

firearms accessories and other articles in interstate commerce and in an

industry that affects interstate commerce.

4

4.   Zeller's Sporting Goods had its principal place of business at 502 George Street in Throop, Pennsylvania, within the Middle District of Pennsylvania.

5.   Northeast Firearms was a federally licensed firearms dealer engaged in the commercial sale of firearms, ammunition, firearms accessories and other articles in interstate commerce and in an industry that affects interstate commerce.

6.   Northeast Firearms had its principal place of business at 915 Main Street in Honesdale, Pennsylvania, within the Middle District of Pennsylvania.

## II.   Statutory Allegations

From on or about May 12, 2012, through on or about August 28, 2017, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendants,

ROBERTO TORNER, and
LIZA ROBLES,

knowingly and willfully combined, conspired, confederated, and agreed together and with each other, and with other persons known and

5

unknown to the Grand Jury, to commit an offense against the United

States, namely:

> knowing that ROBERTO TORNER had been convicted of a
> crime punishable by imprisonment for a term exceeding one
> year, to knowingly possess in and affecting interstate and
> foreign commerce firearms and ammunition, said firearms
> and ammunition having been shipped and transported in
> interstate and foreign commerce, in violation of Title 18,
> United States Code, Section 922(g)(1).

III.   **Manner and Means**

It was part of the conspiracy that the defendants, ROBERTO

TORNER and LIZA ROBLES, and their co-conspirators employed the

following manner and means, among others:

A.      Defendant LIZA ROBLES purchased firearms and

ammunition from Berwick Sporting Goods, Zeller's Sporting Goods,

Northeast Firearms, and from persons known and unknown to the

Grand Jury.

B.      Defendant LIZA ROBLES sold, transferred, loaned,

provided, and otherwise disposed of firearms and ammunition to

defendant ROBERTO TORNER, knowing that he had been convicted of

a crime punishable by imprisonment for a term exceeding one year.

6

C.     Defendant ROBERTO TORNER took actual, constructive, and joint possession of firearms sold, transferred, loaned, provided, and otherwise disposed of by defendant LIZA ROBLES.

D.     Defendant ROBERTO TORNER purchased firearms from persons known and unknown to the Grand Jury.

E.     Defendants ROBERTO TORNER and LIZA ROBLES actually, constructively, and jointly possessed firearms while distributing, possessing with the intent to distribute, and conspiring to distribute and possess with the intent to distribute controlled substances.

IV.   Overt Acts

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Middle District of Pennsylvania:

1.     On or about August 23, 2014, defendant LIZA ROBLES purchased a Hi-Point JHP .45acp, Serial Number 4266999 and a Hi-Point JCP .40 cal., Serial Number 7217580, from Berwick Sporting Goods.

7

2.      On or about August 24, 2014, defendant LIZA ROBLES purchased a Springfield Armory XDS .45acp, Serial Number XS688706, from Zeller's Sporting Goods.

3.      On or about April 12, 2015, defendant LIZA ROBLES purchased a Magnum Research 1911U .45acp, Serial Number U100343, from Northeast Firearms.

4.      Defendant ROBERTO TORNER purchased a Mossberg 500 12-gauge shotgun, Serial Number U080316, from a person known to the Grand Jury.

5.      Defendant LIZA ROBLES purchased a Stag Arms STAG-15, .223 cal., Serial Number 185412 and a Norinco MAC90, 7.62x39, Serial Number 934134, from a person known to the Grand Jury.

6.      From on or about May 12, 2012, through on or about August 28, 2017, defendant LIZA ROBLES sold, transferred, loaned, provided, and otherwise disposed of firearms and ammunition to defendant ROBERTO TORNER.

7.    From on or about May 12, 2012, through on or about August 28, 2017, defendant ROBERTO TORNER actually, constructively, and jointly possessed firearms and ammunition.

All in violation of Title 18, United States Code, Section 371.

## COUNT FOUR
### Transfer of Firearms and Ammunition to a Prohibited Person
### 18 U.S.C. § 922(d)(1)

The allegations set forth in Count Three are incorporated here.

From on or about August 23, 2014, through on or about August 28, 2017, in the Middle District of Pennsylvania, the defendant,

### LIZA ROBLES,

knowingly sold, transferred, loaned, provided, and otherwise disposed of firearms, namely a (1) Hi-Point JHP .45acp, Serial Number 4266999; (2) Stag Arms STAG-15, .223 cal., Serial Number 185412; and a (3) Norinco MAC90, 7.62x39, Serial Number 934134, and ammunition, namely approximately (A) 1,070 rounds of 7.62 x 39; (B) 15 rounds of .223; (C) 136 rounds of .45acp; (D) 83 rounds of 12 gauge; (E) 26 rounds of 9mm; (F) 28 rounds of .22 short; (G) 21 rounds of .22 long rifle; (H) 61 rounds of .22 magnum; and (I) one round of 7mm magnum, to ROBERTO TORNER, knowing and having reasonable cause to believe that ROBERTO TORNER had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Section 922(d)(1).

10

THE GRAND JURY FURTHER CHARGES:

COUNT FIVE
Possession of a Firearm and Ammunition by a Felon
18 U.S.C. § 922(g)(1)

The allegations set forth in Counts Three and Four are incorporated here.

From on or about August 23, 2014, to on or about August 28, 2017, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

ROBERTO TORNER,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce firearms, namely a (1) Hi-Point JHP .45acp, Serial Number 4266999; (2) Stag Arms STAG-15, .223 cal., Serial Number 185412; (3) Mossberg 500 12-gauge, Serial Number U080316; (4) Norinco MAC90, 7.62x39, Serial Number 934134; and a (5) Tikka T3, 30.06, Serial Number C77995, and ammunition, namely approximately (A) 1,070 rounds of 7.62 x 39; (B) 15 rounds of .223; (C) 136 rounds of .45acp; (D) 83 rounds of 12 gauge; (E) 26 rounds of 9mm;

11

(F) 28 rounds of .22 short; (G) 21 rounds of .22 long rifle; (H) 61 rounds of .22 magnum; and (I) one round of 7mm magnum, said firearms and ammunition having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

THE GRAND JURY FURTHER CHARGES:

<u>COUNT SIX</u>
Possession of a Firearm and Ammunition by an Illegal Alien
18 U.S.C. § 922(g)(5)

From on or about November 23, 2016 to January 12, 2017, in

Luzerne County, Pennsylvania, within the Middle District of

Pennsylvania, the defendant,

DAVID ALZUGARAY-LUGONES,

then being an alien illegally and unlawfully in the United States, did

knowingly possess in and affecting interstate and foreign commerce a

firearm, namely a Magnum Research 1911U .45acp, Serial Number

U100343, and ammunition, namely 117 rounds of .45 caliber

ammunition, said firearm and ammunition having been shipped and

transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(5).

13

THE GRAND JURY FURTHER CHARGES:

<u>COUNT SEVEN</u>
Possession of Stolen Explosives
18 U.S.C. § 842(h)

From on or about September 7, 2017 to January 5, 2018, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, while on release pursuant to an order of the United States District Court for the Middle District of Pennsylvania, dated on or about September 7, 2017, issued pursuant to Title 18, United States Code, Section 3142, in the matter of <u>United States v. Roberto Torner</u>, No. 3:17-CR-343 (MEM), which order notified the defendant of the potential effect of committing an offense while on pretrial release, the defendant,

ROBERTO TORNER,

knowingly received, possessed, transported, shipped, concealed, stored, bartered, sold, and disposed of stolen explosive materials, namely C-4 explosives, which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe that the explosive materials were stolen.

14

In violation of Title 18, United States Code, Sections 842(h), 844(a)(1), and 3147(1).

THE GRAND JURY FURTHER CHARGES:

<u>COUNT EIGHT</u>
**Possession of Explosives by a Felon**
**18 U.S.C. § 842(i)**

From on or about September 7, 2017 to January 5, 2018, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, while on release pursuant to an order of the United States District Court for the Middle District of Pennsylvania, dated on or about September 7, 2017, issued pursuant to Title 18, United States Code, Section 3142, in the matter of <u>United States v. Roberto Torner</u>, No. 3:17-CR-343 (MEM), which order notified the defendant of the potential effect of committing an offense while on pretrial release, the defendant,

**ROBERTO TORNER,**

who was then under indictment in the United States District Court for the Middle District of Pennsylvania for violations of Title 21, United States Code, Sections 841(a)(1) and 846, distributing and conspiring to distribute heroin, and Title 18, United States Code, Sections 371 and 922(g), conspiring to possess and possessing firearms and ammunition

16

as a felon, crimes punishable by imprisonment for a term exceeding one year, and who had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly received and possessed explosive materials, namely C-4 explosives, which had been shipped and transported in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 842(h), 844(a)(1), and 3147(1).

## FORFEITURE ALLEGATION

The allegations contained in Counts One through Six are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853.

Upon conviction of an offense in violation of Title 18, United States Code, Section 922 and Title 21, United States Code, Sections 841 and 846, the defendants,

ROBERTO TORNER,
LIZA ROBLES, and
DAVID ALZUGARAY-LUGONES,

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the

18

following:

    a.    a Magnum Research 1911U .45acp, Serial Number U100343;

    b.    a Hi-Point JHP .45acp, Serial Number 4266999;

    c.    a Stag Arms STAG-15, .223 cal., Serial Number 185412;

    d.    a Mossberg 500 12-gauge shotgun, Serial Number U080316;

    e.    a Norinco MAC90, 7.62x39, Serial Number 934134;

    f.    a Tikka T3, 30.06, Serial Number C77995;

    g.    miscellaneous ammunition of assorted types and calibers; and

    h.    approximately $4,000 in United States currency.

3.    If any of the forfeitable property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

19

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property that cannot

be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 28, United States Code, Section 2461(c).

Pursuant to Title 18, United States Code, Section 924(d)(1), Title

28, United States Code, Section 2461(c), and Title 21, United States

Code, Section 853.


A TRUE BILL

DAVID J. FREED
United States Attorney

By:

PHILLIP J. CARABALLO
Assistant United States Attorney

Date: 1-30-18